IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| M.A. YAH, | ) | CASE NO. 8:07CV271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DEAN MILLER, Officer, In His | ) | |
| Individual And Official Capacity, | ) | |
| OMAHA POLICE DEPARTMENT, | ) | |
| PERRY MITCHELL, Inspector, In His | ) | |
| Individual And Official Capacity,  and | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a prisoner, filed his pro se complaint on July 16, 2007.  Filing No. 1. The plaintiff's application to proceed in forma pauperis was granted.  Filing No. 10.  The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### INITIAL REVIEW OF COMPLAINT

**A.**     **Summary of Complaint**

The plaintiff's § 1983 complaint alleges defendant Mitchell, while working as a postal inspector for defendant United States Postal Service, provided unreliable and false information to defendant Miller, an officer for defendant Omaha Police Department. Specifically, the plaintiff claims defendant Mitchell: 1) relied upon a statement he obtained from Mark Rex while Rex was under the influence of drugs or alcohol; 2) falsely reported to defendant Miller that, according to Rex, the plaintiff ("Cotton")and Clinton Brooks stole "Cassidy's" social security card and birth certificate to open an account; and 3) falsely claimed Rex had identified the plaintiff in a lineup.  The plaintiff claims defendant Mitchell

provided this materially false or incomplete information in order to secure a search warrant, and defendant Miller used the false and unreliable information obtained from defendant Mitchell to draft a search warrant application. The plaintiff alleges that based on defendant Miller's misleading warrant application, a Douglas County judge issued a no-knock warrant to search the plaintiff's residence on February 4, 2005. The plaintiff claims there was no justification for issuing a "no-knock" warrant because the items subject to search could not be easily disposed of, and the officers knew they were not in danger because the plaintiff was already in custody.

The plaintiff claims that when his residence was searched, the defendants violated his rights by performing a "no-knock" entry without first determining whether such an entrance was necessary. He claims the door was knocked down. He further claims the search performed exceeded the scope authorized by the warrant.

The plaintiff seeks an order requiring defendants Miller and Mitchell, in their individual capacities, each to pay $1,000,000 for injuries arising from their illegal actions. He seeks an order requiring the Omaha Police Department and the United States Postal Service to pay $1,000,000 for the unconstitutional actions of their "crooked" employees. Finally, he seeks an order requiring the Omaha Police Department to pay for the damage to "the plaintiff's front door, his fence and the door to his storage shed, which were destroyed by the defendants when serving the search warrant." Filing No. 1, p. 5.

**B.    Applicable Legal Standards on Initial Review**

The plaintiff is proceeding in forma pauperis, and is a prisoner seeking recovery from governmental entities and officers and employees of governmental entities. Accordingly, the court must review the plaintiff's complaint to determine whether summary

dismissal is appropriate. See 28 U.S.C. §§ 1915(e)(2) and 1915A. The court must dismiss plaintiff's complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002).

**C.    Discussion of Claims**.

1.    Omaha Police Department.

A claim against the Omaha Police Department, and against Dean Miller, in his official capacity, is actually a claim against the City of Omaha. When seeking § 1983 recovery from a governmental entity, such as the City of Omaha, the plaintiff must identify a governmental policy or custom that caused the plaintiff's injury. Brockinton v. City of Sherwood, AR, 2007 WL 2873564, *5 (8th Cir. 2007). See also Brouhard v. Lee, 125 F.3d 656, 659 (8th Cir. 1997)("An unlawful search and seizure by police, which is part of a custom or practice, is actionable under § 1983."). The plaintiff's complaint does not allege the existence of any City of Omaha policy or custom that caused the plaintiff's injury. The plaintiff has failed to state a claim against the City of Omaha (the Omaha Police Department).

2.    The United States Postal Service.

The United States Postal Service is a federal agency. Whether pursued as a § 1983 claim, or a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 397 (1971), the plaintiff cannot recover against the USPS for its alleged violation of his

constitutional rights. F.D.I.C. v. Meyer, 510 U.S. 471 (1994)(holding a Bivens cause of action cannot be brought against a federal agency); Dubois v. Abode, 142 Fed. Appx. 62, 63 (3d Cir. 2005)(holding pretrial detainee cannot file a § 1983 action alleging the USPS censored his mail because the USPS does not act under color of state law).

    3.    The individual defendants: defendants Mitchell and Miller.

    a.    Theory of liability.

The plaintiff alleges defendant Mitchell was working as a USPS postal inspector when he gathered and reported information to the Omaha Police Department. The plaintiff's complaint does not allege any facts to support a claim that defendant Mitchell's conduct was performed under color of state law or constituted state action. "The United States Postal Service (USPS) and its employees are acting under federal law and are, therefore, not covered by Section 1983." Corey v. McNamara, 409 F.Supp. 2d 1225, 1226-27 (D.Nev. 2006).

Read very liberally, the plaintiff may be alleging defendant Mitchell violated plaintiff's Fourth Amendment rights during a federal criminal investigation. A damage claim may be asserted against a federal agent who, acting under color of federal authority, violates a plaintiff's Fourth Amendment rights and thereby causes injury. Bivens, 403 U.S. at 395.

Based on the allegations of the complaint, defendant Mitchell provided information to defendant Miller. There is no allegation defendant Mitchell did so as part of any established inter-agency investigation. There are no allegations stating defendant Miller fabricated, embellished, or omitted information received from defendant Mitchell when completing the search warrant application. There are no allegations that defendant Miller knew or should have known that any of the information received from Mitchell was false,

or unreliable, or that defendant Miller failed to report information that was material to deciding whether a search warrant should be issued. See Franks v. Delaware, 438 U.S. 154, 165 (1978).

    b.    Injury alleged.

The plaintiff seeks a $1,000,000 judgment from defendants Miller and Mitchell. However, there are no allegations that either defendant Mitchell or defendant Miller participated in the no-knock search of plaintiff's residence or seized any evidence during that search. Further, based on the plaintiff's complaint, the plaintiff was in custody and was not present when the search was conducted. The plaintiff does not specifically allege what harm was caused by these defendants' allegedly illegal conduct. While pro se pleadings must be interpreted liberally, the plaintiff must amend his complaint to clarify the nature of the injuries allegedly caused by defendants Miller and Mitchell. Absent such an amendment, the court cannot determine whether the plaintiff has an injury compensable under § 1983, and to what extent he may be raising a claim that his conviction and sentence arose from an alleged violation of his Fourth Amendment rights. See Heck v. Humphrey, 512 U.S. 477 (1994); United States v. Allen Cotton,[1] 8:05CR116 (D. Neb.)(Smith Camp, J., presiding).

    IT IS ORDERED that:

1.     The plaintiff's claim against the United States Postal Service and Perry Mitchell, in his official capacity, is dismissed with prejudice;

---

[1] Allen Cotton and M,A, Yah are the same person. (United States v. Allen Cotton, Case No. 8:05CR116, filing no. 49-2, ex. 2 (Evelyn M,A, Yah affidavit), ¶ 2).

5

2. The plaintiff is given until December 3, 2007, to file an amended complaint, in the absence of which the plaintiff's complaint and this action will be dismissed without further notice;

3. The Clerk of court is directed to set a pro se case management deadline in this case using the following text: December 3, 2007–deadline for filing amended complaint; and

4. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 30th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge